UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-tp-80001-Rosenberg

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PAUL PEDRO GLANTON,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATIONS

### I.   Background

The Defendant, PAUL PEDRO GLANTON[1], appeared before the Court on March 31, 2022, for a detention hearing, probable cause hearing, and status re: final hearing on the Petition for Warrant or Summons for Offender under Supervision ("Petition"). At the hearing, Defendant and his counsel advised the Court that Defendant wished to admit one of the supervised release violations pending against him. The Court therefore engaged in a colloquy with Defendant to ensure that his admission was knowing and voluntary.

Defendant was originally convicted in the Western District of North Carolina of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, a Class A felony. On May 15, 1997, the Honorable Frank D. Whitney, United States District Judge, sentenced Defendant to 262 months of imprisonment followed by five years of supervised release.

---

[1] At the March 31, 2022 hearing, defense counsel represented that Defendant's name is actually Paul Pedro Glinton and not Paul Pedro Glanton, which is the name improperly stated on the Petition.

Defendant's term of supervised release commenced on January 20, 2017.

Defendant is now charged with violating his conditions of supervised release (1) by committing a new law violation on September 7, 2021, when he committed the crime of illegal re-entry into the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2); and (2) by illegally entering the United States through the Southern District of Florida when he had been instructed to remain outside the United States.

On January 26, 2022, jurisdiction over Defendant's supervised release was transferred from the Western District of North Carolina to the Southern District of Florida. [DE 1].

## II.   Summary of Hearing

At the March 31, 2022 hearing, upon questioning by the Court, Defendant stated that he was clear-headed and not under the influence of drugs, alcohol, or any controlled substance. Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, Defendant was advised of the violations alleged against him, his right to contest the allegations, his right to appear at the hearing and present evidence, and his right to question adverse witnesses. After being advised of those rights, Defendant stated that he waived his right to a final revocation hearing.

Additionally, after being advised of his rights and the maximum penalties he is facing (five years in prison followed by a lifetime term of supervised release), Defendant waived his right to a contested revocation hearing and admitted to allegation # 1, as alleged in the Petition. The Court finds that Defendant made his waiver and admission knowingly, intelligently, and voluntarily, and with the advice and assistance of competent counsel. Based on Defendant's admission to allegation # 1, as well as its review of the record, the Court finds by a preponderance of the evidence that Defendant committed allegation # 1 as alleged in the Petition.

The Government presented no evidence to support that Defendant committed allegation

# 2 as alleged in the Petition and requested that the Court dismiss allegation # 2.

## III. Recommendation

For the foregoing reasons, it is respectfully recommended that the Honorable Robin L. Rosenberg, United States District Judge, find that Defendant has violated the terms and conditions of his supervised release as alleged in violation # 1 of the Petition. The Court further recommends that Judge Rosenberg dismiss allegation # 2 of the Petition. The Court further recommends that Judge Rosenberg schedule a sentencing hearing on allegation # 1 or, if she wishes, combine the sentencing hearing in this case with the sentencing hearing in case number 21-cr-80170-Rosenberg/Reinhart, which is currently scheduled for April 11, 2022.

## NOTICE OF RIGHT TO OBJECT

In light of the upcoming sentencing hearing in case number 21-cr-80170-Rosenberg/Reinhart scheduled for April 11, 2022, the Court finds it necessary and appropriate to shorten the time for any objections and response pursuant to Southern District of Florida Magistrate Judge Rule 4(a). Accordingly, a party shall file written objections, if any, to this Report and Recommendation with United States District Judge Robin L. Rosenberg on or before **April 5, 2022**. *See* 28 U.S.C. § 636(b)(1)(C) and S.D. Fla. Mag. Jdg. R. 4(a). Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 1st day of April, 2022.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge